# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSE L. PEREZ ALFONSO,**

        **Plaintiff,**                  **CASE NO.:**

**v.**

**Y.Y. & R. INC. d/b/a RUBEN'S TIRES,**

        **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, JOSE L. PEREZ ALFONSO, by and through his undersigned counsel, and sues the Defendant, Y.Y. & R. INC. d/b/a RUBEN'S TIRES, and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

2. Venue lies within United States District Court for the Middle District of Florida, Orlando Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, JOSE L. PEREZ ALFONSO, is an adult resident of Orange

County, Florida. At all times material, Plaintiff was an employee of Defendant within the meaning of the American with Disabilities Act, and the Florida Civil Rights Act.

4. Defendant, Y.Y. & R. INC. d/b/a RUBEN'S TIRES, is a Florida Corporation, authorized to and doing business in this Judicial District. At all times material, Defendant employed Plaintiff. At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as defined by the Americans with Disabilities Act and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, Defendant was qualified to perform his job duties within the legitimate expectations of his employer.

7. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. On April 25, 2022, Plaintiff filed a Charge of Discrimination against the Defendant with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

10. On February 22, 2023, the EEOC issued a Notice of Right to Sue related to Plaintiff's Charge of Discrimination. This Complaint is filed within ninety (90) days of the issuance of the Notice of Right to Sue; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

11. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, Florida Statutes, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

12. On or about July 11, 2018, Plaintiff began his employment with Defendant as a full time Mechanic.

13. During Plaintiff's employment with Defendant, he performed his job well and did not receive any disciplinary actions.

14. In 2019, Plaintiff was diagnosed with a disability; specifically, Idiopathic Pulmonary Fibrosis (IPF).

15. Plaintiff's supervisors were aware of Plaintiff's disability, but it did not interfere with his ability to perform the essential functions of his job as a Mechanic.

16. On or about November 26, 2021, Plaintiff was hospitalized and spent approximately six days in the hospital (released December 2, 2021) due to

complications related to his IPF. In particular, Plaintiff contracted pneumonia, which exacerbated his IPF and dropped his oxygen level significantly.

17. When Plaintiff was discharged from the hospital, he was given instructions to take the next two weeks off work.

18. On December 4, 2021, Plaintiff's wife sent his supervisor, Javier Goncalves (Shop Manager), a text message informing Goncalves that Plaintiff was discharged from the hospital on December 2, 2021, and that he was home resting with an oxygen machine and on antibiotics until he saw his doctor in two weeks for a follow-up. She further told Goncalves that Plaintiff was doing much better and walking without difficulty.

19. On December 20, 2021, Plaintiff met with his doctor who gave him clearance to return to work the next day. Plaintiff's doctor also provided him with a portable oxygen tank that he could use when/if he needed.

20. On or about December 21, 2021, Plaintiff attempted to return to work. However, Goncalves informed him that he and Ruben Feliz (Owner/President) wanted Plaintiff to take an additional three weeks off to "get better." Plaintiff told Goncalves that he was able and willing to work because he needed the pay to support his family.

21. However, Goncalves ignored Plaintiff's request to continue working and sent him home.

22. On or about January 11, 2022, Plaintiff was finally permitted to return to work.

23. On January 18, 2022, it was cold outside and, as a result, Plaintiff was having some difficulty breathing so he got his oxygen tank from his car in case he needed to utilize it. Nevertheless, Plaintiff continued working as normal.

24. Later that day, Goncalves sent a text message to Plaintiff stating that Feliz told Goncalves that Plaintiff had to use his oxygen that day. He further stated that the company would have to wait a bit for Plaintiff to continue working and that Plaintiff could stop by on Thursday (January 20, 2022) to speak with Goncalves.

25. Plaintiff responded and stated that his oxygen did not limit him and that he used it because of how cold it was outside. Plaintiff explained to Goncalves that he worked normal (and that he could ask his co-worker, Amaury Feliz) and that he did not understand what the problem was.

26. Goncalves responded that they could talk quietly in the workshop on Thursday.

27. On January 19, 2022, Plaintiff decided to report to work so he could speak with Feliz about his oxygen tank, and Feliz told Plaintiff that he needed to use it in the back so that customers could not see it. Feliz also told Plaintiff to stay

at work and that he would talk to Goncalves because he did not want to lose a reliable and excellent mechanic.

28. On January 20, 2022, Plaintiff reported to work to meet with Goncalves.

29. During the meeting, Goncalves offered to assist Plaintiff in completing disability paperwork. Plaintiff told Goncalves that he was not interested in filing disability and assured Goncalves that he was fit to work. Goncalves also offered to assist Plaintiff in filling out unemployment paperwork. Again, Plaintiff declined since he was able to perform his job duties.

30. Plaintiff asked Goncalves if he was being terminated and told Goncalves that, if he was, Defendant better have a good reason to justify termination. Goncalves just looked at Plaintiff and did not respond.

31. On January 21, 2022, Plaintiff reported to work for his scheduled shift. That day, Goncalves told Plaintiff to end his week, which Plaintiff understood meant not to return to work the rest of the week. As a result, Plaintiff did not report to work on January 22, 2022.

32. On January 23, 2022, Plaintiff went to work to pick up his paycheck. Instead, he was given cash and a termination letter by Fernanda Goncalves (Javier Goncalves' spouse) signed by Ruben Feliz stating: "Starting Monday the 23rd of January 2022, Jose Perez no longer works for YYR Inc due to health problems."

Plaintiff told Ms. Goncalves that the termination letter was incorrect and she said: "It is what it is."

## COUNT I
## AMERICANS WITH DISABILITIES ACT – DISCRIMINATION

33. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-two (32).

34. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. §12112 *et seq*.

35. Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

36. Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended.  Specifically, Plaintiff's IPF substantially limited one or more major life activities and/or one or more major bodily functions.

37. Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of his job.

38. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his known disability, and/or because Defendant regarded him as having a disability, and/or

because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant terminated Plaintiff's employment.

39. The above-described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

40. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

41. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

42. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

   h.  For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT ("FCRA")
## DISABILITY/HANDICAP DISCRIMINATION

  43. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-two (32).

  44. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, *Fla. Stat.* §760, *et seq.*

  45. Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

  46. Plaintiff is an individual with a disability/handicap within the meaning of the Florida Civil Rights Act. Specifically, Plaintiff's IPF substantially limited one or more major life activities and/or one or more major bodily functions.

  47. Plaintiff was a qualified individual with a disability within the meaning of the Florida Civil Rights Act because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of his job.

  48. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his known disability, and/or because Defendant regarded him as having a disability, and/or

because of Plaintiff's record of having a disability in violation of the Florida Civil Rights Act. Specifically, Defendant terminated Plaintiff's employment.

49. The above-described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

50. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

51. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

52. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

  a. Back pay and benefits;

  b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

  e. Attorneys' fees and costs;

  f. Injunctive relief; and

  h. For any other relief this Court deems just and equitable.

## COUNT III
## AMERICANS WITH DISABILITIES ACT – RETALIATION

53. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-two (32).

54. Plaintiff engaged in protected activity under the Americans with Disabilities Act, as amended. Specifically, Plaintiff requested reasonable accommodations for his disability.

55. Plaintiff suffered an adverse employment action for engaging in protected activities under the Americans with Disabilities Act, as amended. Specifically, Defendant terminated Plaintiff's employment.

56. Defendant's adverse employment action was causally connected to Plaintiff's engagement in protected activity.

57. The above-described act of retaliation constitutes a violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112 *et seq*.

58. Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

59. Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

60. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Attorneys' fees and costs;

    f.    Injunctive relief; and

    g.    For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT ("FCRA") - RETALIATION

61. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-two (32).

62. Plaintiff engaged in protected activity under the Florida Civil Rights Act (FCRA). Specifically, Plaintiff requested reasonable accommodations for his disability.

63. Plaintiff suffered an adverse employment action for engaging in protected activity under the FCRA. Specifically, Defendant terminated Plaintiff's employment.

64. Defendant's adverse employment action was causally connected to Plaintiff's engagement in protected activity.

65. The above-described act of retaliation constitutes a violation of the Florida Civil Rights Act, *Fla. Stat.* § 760, *et seq.*

66. Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

67. Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

68. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

69. Plaintiff, JOSE L. PEREZ ALFONSO, demands a trial by jury on all issues so triable.

**DATED** this 6th day of March 2023.

          **FLORIN GRAY BOUZAS OWENS, LLC**

          */s/Gregory A. Owens*
          **GREGORY A. OWENS, ESQUIRE**
          Florida Bar No.: 51366
          Primary: greg@fgbolaw.com
          Secondary: debbie@fgbolaw.com
          **MIGUEL BOUZAS, ESQUIRE**
          Florida Bar No.: 48943
          miguel@fgbolaw.com
          16524 Pointe Village Drive, Suite 100
          Lutz, FL 33558
          Telephone (727) 220-4000
          Facsimile (727) 483-7942
          Attorneys for Plaintiff